MINCHEW *v.* HUSTON, administrator, *et al.*

GRICE, Justice. 1. Under the Code, §§ 114-101, 114-107 (as well as under the remaining provisions of the workmen's compensation law), the denomination of "employer" is applicable to a receiver or trustee of an individual, firm, association, or corporation engaged in any business operated for gain or profit, or to legal representatives of a deceased employer, not only where the injuries to the employee took place before their becoming such representatives, but as well to injuries arising during the tenure of their status as such representatives.

2. On a claim for damages for injuries by a claimant seeking recovery, an executor, administrator, administrator with the will annexed (whether such legal representative also acts as trustee or not), or trustee, who operates during his official tenure a business employing more than ten employees for gain or profit to the estate represented by him, in the event of a tort by him or his agent injuring a coemployee, is subject in his representative capacity to the provisions of the workmen's compensation law (Code, §§ 114-101 et seq.), and subject exclusively to the original jurisdiction of the Industrial Board for the adjudication of such claim. The certified question is answered on the assumption (a) that the tort referred to is one for which the deceased would have been liable if committed during his lifetime; (b) and that the employer had not elected to reject the terms, conditions and provisions of the act, as provided in § 114-201, and also that in other respects the injury is one to which the employee is entitled to compensation under such act.

*All the Justices concur.*

No. 13954. JANUARY 13, 1942.

*W. Glenn Thomas, Joseph H. Thomas,* and *W. C. Little,* for plaintiff.

*Reese, Scarlett, Bennet & Gilbert,* for defendants.