29190. MINCHEW *v.* HUSTON, administrator, *et al.*

DECIDED MARCH 17, 1942.

860

*W. Glenn Thomas, W. C. Little, Joseph H. Thomas,* for plaintiff.
*Reese, Scarlett, Bennet & Gilbert,* for defendants.

GARDNER, J. ■ Two questions submitted to the Supreme Court by this court were answered as follows:

"1. Under the Code, §§ 114-101, 114-107 (as well as under the remaining provisions of the workmen's compensation law), the denomination of 'employer' is applicable to a receiver or trustee of

an individual, firm, association, or corporation engaged in any business operated for gain or profit, or to legal representatives of a deceased employer, not only where the injuries to the employee took place before their becoming such representatives, but as well to injuries arising during the tenure of their status as such representatives.

"2. On a claim for damages for injuries by a claimant seeking recovery, an executor, administrator, administrator with will annexed (whether such legal representative also acts as trustee or not), or trustee, who operates during his official tenure a business employing more than ten employees for gain or profit to the estate represented by him, in the event of a tort by him or his agent injuring a coemployee, is subject in his representative capacity to the provisions of the workmen's compensation law (Code, §§ 114-101 et seq.), and subject exclusively to the original jurisdiction of the Industrial Board for the adjudication of such claim. The certified question is answered on the assumption (a) that the tort referred to is one for which the deceased would have been liable if committed during his lifetime; (b) and that the employer had not elected to reject the terms, conditions, and provisions of the act, as provided in § 114-201, and also that in other respects the injury is one to which the employe is entitled to compensation under such act." (193 *Ga.* 272, 18 S. E. 2d, 487).

■ While we have set out in much detail the allegations of fact as shown by the pleadings, and have set out the general demurrers in full, as we view the case the controlling issue is to determine the relations of Minchew and his legal status as revealed by the allegations of the petition as amended. In deciding this issue, we will treat the grounds of the demurrer as a whole. We have no difficulty in arriving at the conclusion that Minchew was an employee, both under the general law and within the meaning of the workmen's compensation act. In *Swift & Co.* v. *Alston,* 48. *Ga. App.* 649 (173 S. E. 741), where the facts were to the effect that an employee, Oliver, hired Alston for the purpose of unloading coal, this court held that Alston was an employee. In *Morris* v. *Lewis,* 58 *Ga. App.* 677, an employee, Browning, hired an assistant Morris, for the purpose of going for an automobile for the master; and this court held that Morris was an employee and fellow servant of the master. In *American Mutual Liability Insurance Co.* v.

*Harris,* 61 *Ga. App.* 319 (6 S. E. 2d, 168), where an employee using the master's truck, who was hauling brick for a stipulated price hired an assistant and paid him, this court held that the assistant and helper, Harris, was an employee. The facts in the instant case tend more strongly to the effect that Minchew was an employee of the administrators, as a matter of law, than did the facts in any of the cases cited. It is immaterial that the plaintiff, in counts 1 and 2, concluded from the facts alleged that Minchew was an invitee and licensee respectively. It is elementary that the alleged facts denominate the relations and legal status, rather than the name designated by the pleader. On reading the decisions above cited it will be noted that one of the underlying principles that governs the proposition is that an assistant or helper procured by one employee with the knowledge, expressed or implied, of the master, or the assent of the master to the employment of the assistant or helper, is an employee of the master. The plaintiff spares no words or pains to make it clear that the administrators knew, or should have known, that employee Kiff hired Minchew to assist or help. Indeed the allegations go to the extent of alleging a general course of conduct where authority to employ Minchew by Kiff was implied from the nature of the work involved. 18 R. C. L. 577, § 83, reads as follows: "The rule is well settled that a person who is procured by an employee to act as substitute or to assist him in his duties, the employer assenting to the arrangement, occupies the position of an employee, and that the duty owed him by the employer is the same as that owed to other employees; and it does not make any difference that the substitute or assistant is promised no compensation for his services. Authority to employ substitutes or assistants may be implied from the nature of the work to be performed, and also from a general course of conducting the business of the employer by the employee for so long a time that consent thereto may be inferred." This is the general rule, and has been followed by this court. See *Payne* v. *Rivers,* 28 *Ga. App.* 28 (110 S. E. 45) ; *Spivey* v. *Vinson,* 48 *Ga. App.* 335 (172 S. E. 58).

We are not unmindful of the fact that in *Howard* v. *Georgia Power Co.,* 49 *Ga. App.* 420 (6) (176 S. E. 69), this court held: "The workmen's compensation act makes no provision for relief to a mere substitute for an employee receiving compensation from the employee and not from the employer; and there is no merit in the

contention of the defendant that the trial court was without jurisdiction of the suit, because the sole remedy was an application for relief to the Department of Industrial Relations; the claim of the plaintiff being based on the theory, not that the deceased was an employee, but that he was a temporary substitute working for an employee with the knowledge and consent of the employer." That holding there made is not in conflict with the holding here. In the case at bar Minchew is not claimed to be a temporary substitute, but on the contrary the allegations show him to be a permanent employee. See *Maloney* v. *Kirby,* 48 *Ga. App.* 252 (172 S. E. 683). The Code, § 114-101, declares: "Unless the context otherwise provides: 'Employer' shall include any municipal corporation within the State, and any political division thereof, and any individual, firm, association or corporation engaged in any business operated for gain or profit, except as hereinafter provided, and the receiver or trustee of the same, and the legal representative of a deceased employer, using the service of another for pay. If the employer is insured this term shall include his insurer as far as applicable. 'Employee' shall include every person in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer and, except as hereinafter provided, minors are included even though working in violation of any child labor law or other similar statute. . . Any reference to an employee who has been injured shall, when the employee is dead, include also his legal representatives, dependents, and other persons to whom compensation may be payable, pursuant to the provisions of this law." To our minds it is inescapable that Minchew was an employee.

■ But it is contended that the plaintiff made application to the Industrial Board for compensation for the injury, as set out in the petition, and that the Industrial Board adjudged, that, "under the peculiar circumstances of the case, petitioner's said son was not an employee of said defendant within the terms of said workmen's compensation act." There was no appeal from the decision of the Industrial Board. The issue as to the legal status of Minchew is res judicata. This contention is based on the provisions of the Code, § 114-710, as follows: "Any award of the Department of Industrial Relations . . shall . . be a final award and shall be con-

clusive and binding as to all questions of fact." It does not appear from the record what evidence was introduced at the hearing before the Industrial Board, or whether by one party or both, or whether the judgment was a technical dismissal or nonsuit, or a judgment on the full facts from one or both parties before the board. Therefore, construing the petition in this regard most strongly against the pleader, it is to be assumed that evidence sustaining all the allegations of fact in the petition before us was introduced before the Industrial Board. If so, the finding by the board was erroneous as a matter of law, and the remedy of the plaintiff was to appeal from the ruling of the board and have it corrected as provided by the act. She can not, by failure to appeal from such decision, bring her suit in another forum and rely on such erroneous decision and confer jurisdiction in the superior court in contravention of the statutes which confer *exclusive* jurisdiction in the Industrial Board. So to hold would nullify the statute.

What we have said controls all the issues. It is not intended by what is said above to cast any criticism on the able members of the Industrial Board. From the wording of their order it may easily be assumed that they construed the statute to mean that representatives of a deceased person, occupying the position of administrators in the instant case during their tenure, were not employers under the workmen's compensation act, and not that Minchew was not an employee generally of the employer representative. This court was in doubt as to what construction would be put on the act as it related to Minchew, and therefore certified the question to the Supreme Court, and under the ruling of that court, as a matter of law, the finding of the Industrial Board is construed to be erroneous. The court therefore did not err in sustaining the demurrers as to the administrators.

■ What we have said above is not with reference to the cause of action against Kiff individually. It does not appear from the record that the administrators and Kiff were joint tort-feasors. It follows that the court erred in sustaining the demurrers as to the cause of action against Kiff. *Atlantic Ice & Coal Corporation* v. *Wishard*, 30 *Ga. App.* 730 (119 S. E. 429); *Athens Railway & Electric Co.* v. *Kinney*, 160 *Ga.* 1 (127 S. E. 290).

*Judgment affirmed on demurrers against the administrators, and reversed on the demurrers as to Kiff. Broyles, C. J., and MacIntyre, J., concur.*