33845.   EMPLOYER'S LIABILITY ASSURANCE
CORPORATION *et al. v.* SMITH *et al.*

Decided April 19, 1952—Rehearing denied June 4, 1952.

232

*T. Elton Drake, John M. Williams*, for plaintiff in error.

*Carlton Mobley, Harris, Harris, Russell & Weaver, Jones, Jones & Sparks,* contra.

FELTON, J.  █  The evidence failed to show that Churchwell Brothers Construction Company employed B. F. Bennett to do the lathing work as an employee of the company. Rather, it showed Bennett to be an independent contractor. While the evidence did not disclose just exactly what were the terms of the agreement between the company and Bennett, it did show

that Bennett had other jobs going throughout the State at the same time he was doing this work and was away from Macon attending to these jobs a good part of the time. It showed that Churchwell Brothers inquired of Bennett before the agreement was made as to whether or not he had compensation insurance, and that Bennett assured the company that he had such coverage. Therefore, even though the exact terms of the agreement were not shown, the evidence generally showed that the actions of the parties in carrying out the agreement were consistent with the relationship of contractor-independent subcontractor and inconsistent with that of employer-employee.

■ It is contended that the evidence authorized the finding that Churchwell Brothers Construction Company assumed control over the employment of the claimant so as to render him its employee. The contention is without merit. The fact alone that Bennett was paid on a piece-work basis would not have rendered him or the claimant an employee of Churchwell Brothers, nor would that fact alone render him an independent contractor. *Maryland Casualty Co.* v. *Radney,* 37 *Ga. App.* 286, 288 (139 S. E. 832). The test as to whether the claimant was an employee of Churchwell Brothers Construction Company is whether the lathing contract gave, or Churchwell Brothers assumed, the right to control the time, manner, and method of executing the lathing work, as distinguished from the right merely to require certain results in conformity to the lathing contract. *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (2) (164 S. E. 901). The evidence did not show that Churchwell Brothers had a contract right to or actually did direct the time, manner, and method of erecting the laths. It was shown that when the lath work was improperly done, one of the Churchwell brothers would tell one of the Bennetts, or if neither of them was present, then the claimant, that the work was improperly done and should be redone in a correct manner, but it was not shown that Churchwell Brothers ever directed the manner or method of how the laths should be erected. Sidney Churchwell testified that he never told any of Bennett's employees to re-erect an improperly erected lath because he did not feel that he had a right to tell them; that he would request that it be done. The evidence showed that on these occasions Churchwell Brothers were merely

requiring certain definite results in conformity to the lathing contract. See *Poss Bros. Lumber Co.* v. *Haynie*, 37 *Ga. App.* 60 (3) (139 S. E. 127). Churchwell Brothers Construction Company had the right to require that the lathing work be done in a satisfactory manner. Their plasterers at times were immediately following the lathers, and if the lathing had been improperly erected, and one of the Bennetts was not present, they had the right to call attention as to the improperly erected lathing to whoever represented the Bennetts so that it could be corrected in order not to hold up the plasterers. And this did not amount to directing the time, manner, and method of the lathing work. The claimant contends that the fact that Churchwell Brothers hired a man to assist in the lathing work showed that they exercised such control over the work as to render that company the employer of Bennett and the claimant. The contention is without merit. The evidence showed that the hiring was done on behalf of Bennett. Bennett did not ratify this hiring, as was evidenced by the fact that he fired the man upon his return to the job and his discovery of the hiring, paying the man for the two hours he had worked. The contention that the man was an employee of Churchwell Brothers Construction Company is inconsistent with Bennett's firing of him. The evidence demanded a finding that the claimant and Bennett were not employees of that company, and demanded an award against B. F. Bennett as an individual.

■ The court did not err in affirming that part of the award which dismissed the claim as to Bennett & Stauffer Plastering Company and St. Paul-Mercury Indemnity Company. While the partnership of Bennett & Stauffer was dissolved on January 3, 1950, and the coverage of the partnership by St. Paul-Mercury was changed from the partnership to Ray H. Stauffer individually, by consent of both partners, it is contended that, because the Workmen's Compensation Board was not notified of the change and because the records of the board still showed that the coverage was that of the partnership, St. Paul-Mercury was liable to the claimant for compensation. Assuming for the sake of argument that, because of its failure to notify the board of the change in coverage, St. Paul-Mercury was still liable under its original coverage agreement with the partnership of

Bennett & Stauffer, such coverage would only apply to those employees of the partnership and would not apply to employees of Bennett as an individual. The evidence plainly showed that at the time of the injury the claimant was an employee of Bennett individually and not of the partnership. In the absence of an express stipulation otherwise, workmen's compensation-insurance coverage of a partnership relates only to the employees of the partnership and not to an employee of one of the partners whose employment is in no way connected with the partnership business.

The claimant further contends that the award against Churchwell Brothers Construction Company was authorized under Code § 114-112. We cannot and do not now rule on whether that company and its carrier are liable for compensation under this Code section. The award was based on the finding that the claimant was an employee of Churchwell Brothers Construction Company, and not under authority of Code § 114-112, and our ruling here concerns only that theory upon which the award was based.

The court did not err in affirming that part of the award which dismissed the claim as to Archie R. Briggs Construction Company, Standard Accident Insurance Company, Glens Falls Indemnity Company, Bennett & Stauffer Plastering Company, and St. Paul-Mercury Indemnity Company.

The court erred in affirming that part of the award which relates to Churchwell Brothers Construction Company and Employer's Liability Assurance Corporation.

So much of the judgment as relates to Archie R. Briggs Construction Company, Standard Accident Insurance Company, Glens Falls Indemnity Company, Bennett & Stauffer Plastering Company and St. Paul-Mercury Indemnity Company is affirmed. That part of the judgment which relates to Churchwell Brothers Construction Company and Employer's Liability Assurance Corporation is reversed.

*Judgment affirmed in part; reversed in part. Sutton, C.J., and Worrill, J., concur.*