34971.  CHURCHWELL BROTHERS CONSTRUCTION CO. *et al. v.* ARCHIE R. BRIGGS CONSTRUCTION CO. *et al.*

DECIDED JANUARY 21, 1954.

*T. Elton Drake, John M. Williams,* for plaintiff in error.

*Harris, Russell, Weaver & Watkins, Jones, Sparks, Benton & Cork, Carlton Mobley,* contra.

TOWNSEND, J. ■ On the previous appearance of this case (*Employer's Liability Assurance Corp.* v. *Smith,* 86 *Ga. App.* 230), this court held that B. F. Bennett was an independent contractor, and that the evidence demanded an award against him as an individual, and it further stated—in reversing that part of the award which had been entered by the State Board of Workmen's Compensation against Churchwell Brothers Construction Company on the theory that Bennett in hiring the claimant had occupied the status of its employee rather than that of inde-

pendent contractor—as follows (p. 235): "We cannot and do not now rule on whether that company and its carrier are liable for compensation under this Code section. [Code § 114-112.]" Accordingly, this subsequent hearing before the board was for the purpose of offering testimony bearing upon the applicability of Code § 114-112, which provides: "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract, to the same extent as the immediate employer. . . Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's right to recover compensation under this Title from the principal or intermediate contractor." That this Code section is applicable in any case where the employer, a subcontractor, is liable under the Workmen's Compensation Act, is proceeded against and an award against him entered by the board, and where, because of the employer's insolvency the award is uncollectible—is obvious from the terms of this Code section and the language of *Cooper* v. *Dixie Const. Co.*, 45 *Ga. App.* 420 (4) (165 S. E. 152); and *Blackshear* v. *Liberty Mutual Ins. Co.*, 69 *Ga. App.* 790 (1) (26 S. E. 2d 793), provided the claim is originally presented and instituted against the immediate employer. *Zurich General Accident &c. Ins. Co.* v. *Lee*, 36 *Ga. App.* 248 (2a) (136 S. E. 173). Other States whose workmen's compensation laws contain similar provisions have held to the same effect. See Williams *v.* Buchanan, 149 Tenn. 639 (261 S. W. 660); Siskin *v.* Johnson, 151 Tenn. 93 (268 S. W. 630); Adams *v.* Hercules Powder Co., 180 Tenn. 340 (175 S. W. 2d 319, 151 A. L. R. 1352); Burt *v.* Clay, 207 Ky. 278 (269 S. W. 322); Purkable *v.* Greenland Oil Co., 122 Kan. 720 (253 Pac. 219); Williams *v.* Cities Service Gas Co., 139 Kan. 166 (30 Pac. 2d 97). In view of the specific language of the decision in *Employer's Liability Assurance Corp.* v. *Smith*, supra—to the effect that on the previous appearance of this case no question was raised by the record as to whether Churchwell Brothers Construction Company had a secondary liability under Code § 114-112, and that the question was not there decided—the fact that the Court of Appeals in that case

reversed the award against this defendant, which award had been entered on the erroneous theory that it was primarily liable as the initial employer, is not such an adjudication of non-liability as would relieve it in any event, and does not constitute a defense against the present award entered against it as a subcontractor or intermediate contractor for its own subcontractor's (Bennett's) unpaid liability.

Nor can the plaintiff in error here rely upon estoppel as a defense against the claimant, on the ground that the claimant did not proceed against the proper party in the first instance. The record of this case on its first appearance contains a copy of a letter written on January 11, 1951, to the State Board of Workmen's Compensation, signed by Carlton Mobley, the attorney representing the claimant, and stating in part as follows: "My investigation discloses that as set out in the letter of December 11, 1950 to you from Louis C. Trice, that the claimant was working for B. F. Bennett individually at the time of the accident and that Mr. Bennett was a subcontractor of and working for Churchwell Brothers Construction Company, Macon, Georgia, and that Churchwell Brothers Construction Company at the time was a subcontractor under Archie R. Briggs Construction Co., Macon, Georgia. With this information, will you kindly schedule this case for a hearing, notifying Mr. Bennett and Churchwell Brothers and Briggs? . . As required by Sec. 114-112 of Georgia Code, this claim is presented against the claimant's immediate employer, namely, B. F. Bennett." All parties named in this letter were made parties defendant, and the claim proceeded on this basis. It follows, therefore, that nothing in the former proceedings in regard to this claim is sufficient to constitute matter of defense under Code § 114-112 or to render the application thereof erroneous.

■ It is contended by the plaintiff in error also that the award against it is erroneous for the reason that the Board of Workmen's Compensation has no jurisdiction of the subject matter; that there is no evidence in the case that B. F. Bennett employed as many as 10 employees, so as to bring himself within the provisions of the act; and that, on the hearing of June 9, 1953, the plaintiff in error offered evidence to the effect that he did not have 10 employees, which testimony was erroneously rejected by

the board. To come under the provisions of the act, of course the employer must have as many as 10 employees. Code (Ann. Supp.) § 114-107. It is also true that a judgment rendered by a court without jurisdiction of the subject matter is absolutely void, and subject to collateral attack. Code § 110-709. However, it is the duty of any judicial tribunal to first ascertain whether or not it has jurisdiction of the parties and subject matter involved in the controversy, and a court which has general jurisdiction over the subject matter involved will be presumed, where the judgment is regular on its face, not to have exceeded its jurisdiction. *Bedingfield* v. *First Nat. Bank,* 4 *Ga. App.* 197 (61 S. E. 30); *Jones* v. *Smith,* 120 *Ga.* 642 (1, 2) (48 S. E. 134). The State Board of Workmen's Compensation has exclusive original jurisdiction of claims under the Workmen's Compensation Law. *Minchew* v. *Huston,* 193 *Ga.* 272 (2) (18 S. E. 2d 487). Whether or not Bennett came under the provisions of the act, as determined by the number of persons in his employment, is a question of fact which might have been put in issue at the time of the original hearing, to which action he was a party and in which he testified, or at the time the case was remanded to the board by the Judge of the Superior Court of Bibb County on receipt of the remittitur from the Court of Appeals, and the award against Bennett individually was entered by the board. The question of Bennett's non-liability on this ground was never raised, either on the original hearing, or when this case was on appeal, or when, after remand, an award against Bennett was entered. The award was unappealed from and appears regular on its face. Both Bennett and the present plaintiff in error were parties to all these proceedings. Under Code § 110-501, "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Where the question as to the jurisdiction of the court depends merely upon the existence or non-existence of a fact, and the judgment is otherwise regular, and the court otherwise a court of competent jurisdiction, it is to be presumed that the court found facts to exist such as warranted its assuming jurisdiction, and such finding of fact

cannot be collaterally attacked. Nicolson *v.* Citizens & Southern National Bank, 50 Fed. Supp. 92 (9); State *v.* Petteway, 131 Fla. 516 (179 So. 666); National Park Bank *v.* McKibben & Co., 43 Fed. 2d 254. See also *Milner* v. *Neel,* 114 *Ga.* 118 (3) (39 S. E. 890). Accordingly, the award in favor of the claimant against Bennett individually not having been appealed from, the plaintiff in error, who was a party and had notice thereof, cannot now raise this question, the time for appeal from such order having expired.

█ The evidence on the last hearing in this case, to which exception is here taken, being to the effect that the employer, Bennett, was insolvent and unable to pay the amount of the award, that a fi. fa. had been issued against him and a return of nulla bona entered thereon, and that the claimant had not received any sums to which he was entitled under the award in question, and it having been previously established that the plaintiff in error was an intermediate contractor who had subcontracted certain work to the claimant's employer, and that the injury occurred on or about the premises on which the principal contractor had undertaken to execute the work—the evidence was sufficient under Code § 114-112 to support the award entered against the plaintiff in error. There is no merit in the contention that the claimant was not entitled thereto because of laches. It appears from the record that the award against Bennett was not entered until November 14, 1952 (due in part to an appeal by the plaintiff in error to the Court of Appeals from the judgment entered by the Judge of the Superior Court of Bibb County, remanding the case to the Board of Workmen's Compensation for the purpose of entering an award, which appeal was subsequently dismissed.) On May 5, 1953, counsel for the claimant notified the board that efforts had been made to collect the judgment out of Bennett, which efforts were unsuccessful, and requested a further hearing. Without deciding what diligence would be required of the claimant under these circumstances, it appears here that due diligence was used.

The judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*