### 35747. CREECH *v.* SIRKIN *et al.*

CARLISLE, J. 1. "Under the Georgia statute and decisions, the test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (164 S. E. 901) ; *Employer's Liability Assurance Corp.* v. *Smith,* 86 *Ga. App.* 230 (71 S. E. 2d 289).

2. If there is any competent evidence to sustain the findings of fact of the State Board of Workmen's Compensation, the appellate courts will not set aside an award in the absence of statutory grounds for so doing. *Fulmer* v. *Aetna Casualty &c. Co.,* 85 *Ga. App.* 102 (68 S. E. 2d 180).

3. Where, under an application of the foregoing principles of law to an appeal from a superior court judgment affirming an award of the State Board of Workmen's Compensation denying compensation, it appears that from the evidence adduced upon the hearing of the claim for compensation, the hearing director was authorized to find that the claimant was an employee of two named contractors, who, under a contract for the performance of labor, had agreed to build a number of houses for the owner, and that the owner did not have the contractual right, nor did he assume the right, to control the time, manner and method of executing the work, but only exercised his right to require certain definite results in conformity to the contract, the findings of the hearing director that the relationship between the owner and the contractors was that of employer and independent contractors and that consequently the relationship of employer and employee did not exist between the owner and the claimant, will not be disturbed. The fact that the owner on occasion stopped the claimant and other employees of the contractors from pursuing work which was not in conformity with the contract and the claimant believed that the owner was authorized to discharge him if he did not obey the owner's instructions does not demand a finding that the relationship of employer and employee existed between the owner and the claimant. *Employer's Liability Assurance Corp.* v. *Smith,* supra. Nor does such evidence require a finding that while the claimant was the general employee of the contractors, he became the special employee of the owner. See, in this connection, *Adams* v. *Johnson,* 88 *Ga. App.* 94 (76 S. E. 2d 135), where the test for determining when this special relationship arises is stated.

4. Where, in such a case as indicated above, it appears from the terms of the contract for labor that the undertaking to perform the labor was that of the two named contractors jointly who jointly employed the claimant, and their undertaking constituted one business, they would come within the definition of employers contained in the Workmen's Compensation Act if in the conduct of this business they regularly employed ten or more workers (*Thigpen* v. *Hall*, 46 *Ga. App.* 356, 167 S. E. 728); but, where, from all the evidence the hearing director was authorized to find that one of the contractors had only six employees regularly employed and the other had only two regularly employed in the conduct of their joint business, the hearing director did not err in finding that the contractors jointly had fewer than ten employees regularly employed in the same business and that they did not come within the terms of the Workmen's Compensation Act; and, consequently, the hearing director did not err in entering an award denying the claimant compensation, and the superior court properly affirmed the award denying compensation.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided July 14, 1955.

*David R. Elmore*, for plaintiff in error.
*Bouhan, Lawrence, Williams & Levy*, contra.