35932. SMITH *v.* MARYLAND CASUALTY COMPANY *et al.*

DECIDED JANUARY 19, 1956.

*McCord & Cooper, Wm. H. Cooper, Jr.,* for plaintiff in error.
*Richard D. Carr, Smith, Field, Doremus & Ringel,* contra.

FELTON, C. J. The claimant filed a claim for compensation against the defendants for a broken leg he suffered when a scaffold upon which he was working broke and he fell to the ground. The claimant was one of three employees hired by Copeland to do carpentry work. Long was a house builder. He contracted with Wilson for the framing and cornice work on the houses. Wilson in turn contracted with Copeland for the cornice work. The claimant claims that he was an employee of Copeland who was an employee of Wilson who was an employee of Long. The question is whether Wilson and Long so directed the time, manner and method of Copeland's work, or had a right to do so, as to render them employers under the principle stated in *Banks* v. *Ellijay Lumber Co.,* 59 *Ga. App.* 270, 272 (200 S. E. 480).

Suffice it to say without setting out the evidence that the evidence authorized the finding that Long could not and did not so direct the work of Wilson or Copeland, and that Wilson could not and did not so direct the work of Copeland. The evidence authorized the finding that Long could only require Wilson to adhere to the plans and specifications contracted for so that the houses would pass a Veterans' Administration inspection. Similarly, the evidence authorized the finding that Wilson could only require of Copeland compliance with the contract for the cornice work. It is true that Long would tell Wilson when a foundation was ready for the framing and cornicing and that in turn Wilson could

notify Copeland when the house was ready for the cornice work, but once each began his respective work on a contract unit, Long could not direct Wilson or Copeland and Wilson could not direct Copeland or control the execution of such work except to the extent of contract compliance. A contractor has the right to call to the attention of a subcontractor that the contract is not being followed and demand of the subcontractor a compliance therewith. *Poss Bros. Lumber Co.* v. *Haynie,* 37 *Ga. App.* 60 (3) (139 S. E. 127); *Employers Liability &c. Corp.* v. *Smith,* 86 *Ga. App.* 230, 234 (71 S. E. 2d 289).

In *Davis* v. *Starrett Bros.,* 39 *Ga. App.* 422, 427 (147 S. E. 530), relied on by the plaintiff in error, the builder could increase or decrease the work; it could in certain instances have the work stopped and recommenced at its pleasure; it could determine that there were not enough skilled workmen on the job and put more on it; it could cause a subcontractor to discharge any of its employees who were not satisfactory to the builder, and it could terminate the contract and do the work itself. The evidence authorized the finding that the alleged employers, Wilson and Long, could have done none of these in this case.

Code § 114-112 is not applicable in the instant case. Since Copeland had only three employees, he did not as a matter of law come under the workmen's compensation law, and since he had not voluntarily come under the act, the provisions of Code § 114-112 do not apply. *Churchwell Bros. Const. Co.* v. *Briggs Const. Co.,* 89 *Ga. App.* 550 (80 S. E. 2d 212).

The court did not err in affirming the board's award denying compensaiton.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*