Joe H. MOSLEY, Appellant,

v.

GEORGE A. FULLER CO., Appellee.

No. 16751.

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1957.

Leonard S. Counts, E. D. Fulcher, Augusta, Ga., for appellant.

John F. Hardin, D. Field Yow, Boller & Yow, Bussey & Hardin, Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Mosley filed this action in tort against appellee George A. Fuller Co. to recover damages for personal injuries he alleged he had received when he was struck by certain heavy materials negligently thrown from the roof of a building by appellee's servants. Appellee was general contractor in the construction, for the State Hospital Authority of Georgia, of the Eugene Talmadge Memorial Hospital. Appellee had, by written subcontract which incorporated into its terms the provisions of the general contract, agreed that Mechanical Contractors and Engineers, Inc. would perform certain designated work in connection with the plumbing, heating and other installations in the hospital. Appellant was employed by Mechanical. Instead of making claim against his employer under the Georgia Workmen's Compensation Law, Code, § 114–101 et seq., appellant brought this tort action direct against appellee, the general contractor.

Appellee exhibited with its pleadings a copy of the general contract between it and the State of Georgia and a copy of the subcontract between it and Mechanical, alleging that under their terms Mechanical "was in fact this defendant's [appellee's] agent and subcontractor at the time of plaintiff's [appellant's] alleged injury and he was an employee of defendant's and defendant's agent and subcontractor and is therefore barred by the Workmen's Compensation Act of Georgia from bringing suit at common law."

Appellant moved for judgment on the pleadings, and appellee moved for summary judgment [1] "upon the ground that there is no genuine issue as to any material fact, and that the defendant is entitled to judgment on the pleadings as a matter of law." The parties entered into a stipulation as to certain facts [2] and, based upon the pleadings, the exhibits and the stipulations, the court below denied appellant's motion and entered summary judgment for appellee. [3]

---

1. Rules 12(c) and 56, Fed.Rules Civ.Proc. 28 U.S.C.A.

2. The judgment recites what was stipulated between the parties, including this paragraph defining the issues submitted to the court: "It was further stipulated between the parties that the sole question for determination presented by each of said motions was whether or not the relationship existing between the defendant, George A. Fuller Co., and Mechanical Contractors & Engineers, Inc., employer of the plaintiff, was that of master and servant, as distinguished from employer and independent contractor." The other stipulations related to such formal matters as whether or not the two corporations had a sufficient number of employees to make applicable the Georgia Workmen's Compensation Law, and it is not necessary to set them out.

3. The judgment recites in part:
"It is hereby found and determined that the relationship existing between the defendant, George A. Fuller Co. and Mechanical Contractors & Engineers, Inc., employer of the plaintiff, at the time of the injuries suffered by the plaintiff, * * * was that of master and servant, and, that, therefore, there is no genuine issue as to any material fact."

From that judgment appellant has appealed, claiming that he was entitled to maintain this action against appellee under Georgia statutes[4] and decisions,[5] and asserting that, under the decision of the Supreme Court of Georgia in Blair v. Smith,[6] 1947, 201 Ga. 747, 41 S.E.2d 133, he was not a servant of appellee, but was an employee of Mechanical, an independent contractor. Appellee contends, on the other hand, that appellant's exclusive remedy was under the Georgia Workmen's Compensation Law[7] on the ground that the relationship existing between appellee and Mechanical, appellant's employer, "at the time of the alleged injury, as evidenced by said contract, was in fact that of master and servant as distinguished from independent contractor * * *" It stakes its case chiefly on the decision of the Court of Appeals of Georgia in Davis v. Starrett Bros., Inc.,[8] 1929, 39 Ga.App. 422, 147 S.E. 530, which it claims is "on all fours with the facts in the case at bar."

We do not think that the contract before us is exactly the same as that involved in the Blair case, or that dealt with in the Davis case, but on principle, supported by the Georgia decisions, we are of the opinion that the relationship between appellee and Mechanical was that of independent contractor, rather than principal and agent, or master and servant.

No good purpose will be served by attempting a detailed analysis of the provisions of the contract between appellee and Mechanical, as the parties do in their briefs in an effort to identify it with the cases upon which they respectively rely. In it, Mechanical is referred to throughout as "Sub-Contractor" and appellee as Contractor; Mechanical agrees to provide all the materials, labor, equipment and other necessary items and perform the work therein described on the hospital according to the plans and specifications forming a part of the contract between appellee and the State of Georgia, the work to be subject to the approval of appellee and the architect in charge for an agreed contract price, the language being similar to that found generally in such subcontracts.[9]

---

4. Georgia Code Annotated, 1939, § 114–403: "When an employee receives an injury for which compensation is payable under this Title, which injury was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereto, the employee or beneficiary may institute proceedings both against that person to recover damages and against the employer for compensation * * *"

5. E. g., Zurich General Accident & Liability Ins. Co. v. Lee, 1926, 36 Ga.App. 248, 136 S.E. 173, and Massee & Felton Lumber Co. v. Macon Cooperage Co., 1932, 44 Ga.App. 590, 162 S.E. 396.

6. And other Georgia cases cited by him: Churchwell Bros. Construction Co. v. Archie R. Briggs Construction Co., 1954, 89 Ga.App. 550, 80 S.E.2d 212; Echols v. Chattooga Mercantile Co., 1946, 74 Ga. App. 18, 38 S.E.2d 675, and Employer's Liability Assurance Corp. v. Smith, 1952, 86 Ga.App. 230, 71 S.E.2d 289.

7. Georgia Code Annotated, 1939, § 114–103 and § 114–112.

8. Citing also Cooper v. Dixie Construction Co., 1932, 45 Ga.App. 420, 165 S.E. 152; Liberty Lumber Co. v. Silas, 1934, 49 Ga.

App. 262, 175 S.E. 265; Yearwood v. Peabody, 1932, 45 Ga.App. 451, 164 S.E. 901; Blair v. Smith, supra; U. S. Fidelity & Guaranty Co. v. Corbett, 1936, 35 Ga. App. 606, 134 S.E. 336.

9. Appellee lists its concept of the various features of the Davis case and refers to what it conceives to be identical provisions in the contract before the Court, but it does not point out the provisions in the contract here which run afoul the law declared in Davis. Some of the contract provisions especially emphasized provide such things as that the contractor will furnish the subcontractor drawings by which the work will be performed; that all materials and work of the subcontractor shall be subject to the inspection and approval of the contractor and the architect; that the contractor may require the subcontractor to put on additional labor, and that the labor shall work overtime; that changes in the work may be required upon written instructions, and that substitutions and additions may be required (but in each such instance the contractor is to be paid for such extras at prices stipulated in the contract—generally on a cost plus basis); that the subcontractor must car-

A careful examination of the provisions of the contract before us fails to reveal any provisions not normally found in such instruments; and, moreover, the criticisms of the contract are met, in most instances, by the specific holdings of the Blair case, a part of which decision we quote: [10]

"Smith had a valid cause of action against Blair, should it be determined that Wilson, his immediate employer, was an independent contractor, rather than a servant, of the general contractor, Blair * * *

"'* * * the test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, * * * the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract.'

*    *    *    *    *    *

"Under provisions of paragraphs * * * [of the Blair contract], the subcontractor will begin work promptly, will carry the work forward rapidly, with due diligence and without delay, and will not delay or interfere with the work of the contractor. Should it be determined that the subcontractor is delaying the work, the contractor shall have the right to employ additional men and charge the expense to the subcontractor. The subcontractor is to indemnify the contractor against any loss by reason of delay. * * * The provision that, should the subcontractor Wilson delay the progress of the work, the general contractor Blair might em-

ploy additional men, sufficient to complete the contract within the time specified by the general contract between him and the Government, would not make the subcontractor Wilson a servant of the general contractor Blair.

"The provisions of * * * the contract between Wilson and Blair, giving Blair the right to inspect the premises and the progress of the work, is a usual provision and, * * * is not inserted for the purpose of controlling the contractor in his methods, but for the purpose of permitting the general contractor to assure himself that the specifications of the contract are being reached step by step as the work progresses.

"The contract provides for definite and positive results, but does not authorize the general contractor to control the method and manner of executing the work. In Davis v. Starrett Bros., supra, relied upon by counsel for the plaintiff in error, * * * the contract provided that the builder or general contractor could add to, or take from, the work to be performed without consulting the other party, and retained to the employer an absolute right to impose his will in lieu of contractual provisions as to the work to be performed, * * * "

The Blair case then proceeds to hold that indemnity provisions, such as those contained in the present contract, as well as prohibition against assignment and other clauses similar to those in the present contract, do not constitute the right to control the time, method and manner of executing the work; and the conclusion of the Court is then announced in these words: "Not from any one provision can the contract between Blair and Wilson be construed as mak-

---

ry insurance to cover injuries and damages to its employees and others; and that no part of the contract can be

sublet without the permission of the general contractor.

10. 41 S.E.2d 134–136.

ing Blair the master and Wilson the servant, and construed in its entirety, as it must be, to arrive at the status of the parties under the contract, we find that Wilson was an independent contractor. Assuming the judgment in Davis v. Starrett Bros. to be correct, nothing therein held is contrary to the judgment here, for the reasons indicated."

We think that this last pronouncement by the highest court of Georgia is controlling, and that it disposes of all of the important phases of the argument made by appellee. We hold, therefore, that it was error for the court below to deny appellant's motion [11] and to grant appellee's motion for summary judgment. The judgment of the court below is, therefore, reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

11. Which, under Rule 12(c), F.R.C.P., should be treated as a motion for summary judgment, limited to the issue of whether appellant had the right to maintain this action against appellee.