Virgil NORTON, Plaintiff,

v.

James P. McSHANE, Nicholas deB. Katzenbach, John Doar and William Tucker, Defendants.

Virgil WESLEY, Plaintiff,

v.

James P. McSHANE, Nicholas deB. Katzenbach, John Doar and William Tucker, Defendants.

James CHAPMAN, Plaintiff,

v.

James P. McSHANE, Nicholas deB. Katzenbach, John Doar and William Tucker, Defendants.

Nos. WC639, WC6310, WC6311.

United States District Court
N. D. Mississippi, W. D.
June 7, 1963.

Richard Carlisle, Columbus, Miss., Hartwell Davis, Robert E. Varner, Montgomery, Ala., for plaintiffs.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendants.

CLAYTON, District Judge.

Each of these three actions was originally brought in the Circuit Court of Lafayette County, Mississippi, and time-

ly removed to this court. The three declarations or complaints are in essentially identical form and each seek actual and punitive damages for alleged deprivation of certain rights of these plaintiffs growing out of their arrest in Oxford, Mississippi, on or about October 1, 1962.

Identical motions to dismiss were filed by all of the defendants in each case, and the issues being the same, collective memorandum briefs were submitted by the parties and these motions are now for disposition by the court. They are collectively considered and dealt with as one.

Briefly stated, by their motions defendants urge that the complaints should be dismissed for the following reasons: (1) Substituted service on the Secretary of State of the State of Mississippi, under the provisions of § 1437, Mississippi Code Annotated (1942) was not effective service on the non-resident defendants; and (2) these defendants, each of them officials of the Department of Justice, are immune from suit in actions such as this, when they were acting within the scope of their employment.

However, as to issue (1), above, the record shows that this is not a valid argument as to all of the four defendants. The record shows that the defendant, John Doar, was personally served with process within the State of Mississippi. It is not necessary to pursue this issue further, however, since the court is of the opinion that issue (2), above, will dispose of this cause.

In support of their contention as to issue (2), above, defendants rely upon the doctrine of privilege as announced most recently by the Supreme Court in Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1958) and Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1958). These two cases and their progeny hold that the protection of the public interest by shielding responsible governmental officials against the harassment of vindicative or ill-founded damage suits outweighs protection of an individual citizen by way of damages.

It is undisputed that these four defendants are high officials of the Department of Justice, and were in positions of responsibility in Oxford, Mississippi, on or about October 1, 1962, engaged in the performance of their official duties, including the execution and enforcement of orders of the United States District Court for the Southern District of Mississippi and the United States Court of Appeals for the Fifth Circuit. This fact is amply evidenced by the affidavit of Robert F. Kennedy, Attorney General of the United States.

The historic doctrine of immunity has evolved in recent years to grant an absolute privilege in cases such as the one at bar. The so called "classical" statement of this doctrine was announced by Judge Learned Hand in Gregoire v. Biddle, 177 F.2d 579 (2 Cir., 1949), certiorari denied 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363, as follows:

"Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. * * * "

This doctrine has been consistently enlarged and strengthened in recent years. Barr v. Matteo and Howard v. Lyons,

supra, but see dicta in Hughes v. Johnson, 305 F.2d 67 (9 Cir., 1962).

Even though the allegations of plaintiffs' pleadings may state wrongs of a most grievous nature, this court is compelled, in this instance, and in the public interest, to apply the aforementioned doctrine of immunity and privilege.

Treating these motions to dismiss and their accompanying affidavits as motions for summary judgment under the provisions of Rule 12(c), Federal Rules of Civil Procedure, the motions are sustained and orders are being entered this day accordingly. See Mosley v. George A. Fuller Co., 250 F.2d 686 (5 Cir., 1957).