### 8252. WOOLEY *v.* DOBY.

GEORGE, J. 1. Where the owner of an automobile delivers it to a mechanic for the purpose of repair, and surrenders the entire control of it to him, the mechanic is not the servant of the owner, but an independent contractor. Where the mechanic, under such circumstances, negligently and in violation of a municipal ordinance, injures another while testing the car, the owner is not liable in an action for damages for the injury; and the fact that the owner's driver was, on the invitation of the repairer, riding in the car at the time of the injury does not alter the rule. Civil Code (1910), § 4414. See Babbitt's Law of Motor Vehicles (2d ed.), § 849; Berry on Automobiles (2d ed.), § 687. Compare *Segler v. Callister*, 167 Cal. 377 (139 Pac. 819, 51 L. R. A. (N. S.) 772); and *Woodcock v. Sartle*, 81 Misc. (N. Y.) 488.

2. The undisputed evidence in the present record disclosing that the owner delivered his car to the mechanic for the purpose of repairs, that the repairs were left entirely to the judgment of the mechanic, that the injury complained of occurred through the negligent operation of the car while the mechanic was testing it, and that the owner's driver had no control over it or the repairs, although he was riding in the car which was being driven by the mechanic at the time of the injury, the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED APRIL 25, 1917.

Action for damages; from Fulton superior court—Judge Pendleton. February 8, 1916.

*Dorsey, Shelton & Dorsey, Hugh M. Dorsey,* for plaintiff.
*Bryan, Jordan & Middlebrooks, W. R. Tichenor,* for defendant.