### 21870. OUSLEY COMPANY *v.* LEDBETTER.

BROYLES, C. J. 1. "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." Civil Code (1910), § 4414.

2. Where the owner of an automobile truck, through his agent and driver, delivers it to a mechanic for the purpose of repair, and surrenders the entire control of it to him, the mechanic is not the servant of the owner, but an independent contractor. Where the mechanic, under such circumstances, negligently injures another while testing the truck, the owner is not liable in an action for damages for the injury; and the fact that the test was being made with the consent and by the direction of the agent of the owner does not change the rule, it not appearing that the agent was riding in the truck or exercising any control over the mechanic's operation of it during the test. *Wooley* v. *Doby*, 19 *Ga. App.* 797 (92 S. E. 295), and cit. See also *Simril* v. *Davis*, 42 *Ga. App.* 277 (155 S. E. 790).

3. In the instant case the amended petition, construed most strongly against the plaintiff, shows that the regular driver of the truck, while on a trip to Florida, delivered it to the mechanic for the purpose of being repaired, that the repairs were left entirely to the judgment of the mechanic, that the injury sued for was caused by the negligent operation of the truck while the mechanic was testing it by driving it on a public highway, and that the owner's driver exercised no control over the repairs or the subsequent test.

4. The injury sued for occurred in the State of Florida, but no statute of that State was pleaded as the basis of the right of recovery. This court, therefore, will presume that the common law exists in that State, and will decide the case according to the common law as construed and applied by the courts of this State. See, in this connection, *Slaton* v. *Hall*, 168 *Ga.* 710 (148 S. E. 741, 73 A. L. R. 891); *Alabama Ry. Co.* v. *Guilford*, 119 *Ga.* 523 (2) (46 S. E. 655); *Krogg* v. *A. & W. P. Railroad*, 77 *Ga.* 202 (2) (4 Am. St. R. 77).

5. Under the foregoing rulings the petition failed to set out a cause of action, and the court erred in overruling the general demurrer interposed.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 15, 1931.

*Wilcox, Connell & Wilcox,* for plaintiff in error.
*Little & Dickerson,* contra.