### 21981. YEARWOOD v. PEABODY.

JENKINS, P. J. 1. "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." Civil Code (1910), § 4414. The term "independent business," as used in this section of the code, must necessarily be taken to mean a business or employment separate and independent from the business of the employer. The fact that such employee might not be generally engaged in the particular business or occupation carried on by him under his special contract with the employer would not prevent the relation between them from being that of employer and independent contractor, if the work undertaken was not under a contract whereby the relationship of master and servant arose.

2. Under the Georgia statute and decisions, the test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. *Zurich General Accident & Liability Ins. Co:* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173); *Quinan* v. *Standard Fuel Supply Co.,* 25 *Ga. App.* 47 (105 S. E. 456); *Mount* v. *Southern Ry. Co.,* 42 *Ga. App.* 546, 550 (156 S. E. 701); *Home Accident Ins. Co.* v. *Daniels,* 42 *Ga. App.* 648 (2) (157 S. E. 245); *Irving* v. *Home Accident Ins. Co.,* 36 *Ga. App.* 551 (137 S. E. 105).

3. Where the owner of an automobile delivers it to another person, toward whom he does not stand in the relationship of master to servant, for the purpose of repair, and surrenders the entire control of the automobile to that person, and neither reserves by the contract, nor assumes, the right to control the time, manner or method in which the work is done, the person undertaking the labor being responsible to the owner only for results, the relation between the parties is not that of master and servant, but that of employer and independent contractor. *Atlanta & Fla.*

452

R. Co. v. Kimberly, 87 Ga. 161 (13 S. E. 277, 27 Am. St. R. 231); Fulton County Street R. Co. v. McConnell, 87 Ga. 756 (13 S. E. 828); Ridgeway v. Downing Co., 109 Ga. 591 (34 S. E. 1028); Wooley v. Doby, 19 Ga. App. 797 (92 S. E. 295); Massee & Felton Lumber Co. v. Macon Cooperage Co., 44 Ga. App. 590 (162 S. E. 396). This is true even though the person undertaking such repairs may not be a mechanic by trade, and may not be generally engaged in the business of repairing automobiles, but may be a domestic servant of a third person, since the labor undertaken under the contract is independent of the employer, and is thus an "independent business" within the meaning of the Civil Code (1910), § 4414, so far as the parties are concerned. Where such mechanic, while testing the automobile during the process of the work undertaken thereon, negligently injures a third person, the owner of the automobile is not liable in damages on account of such injury. Wooley v. Doby, supra.

4. Under the foregoing rulings, the court did not err in sustaining the demurrer and dismissing the instant suit.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 15, 1932.

*Miller & Lowrey,* for plaintiff.
*Brock, Sparks & Russell,* for defendant.