### 24096. DeLoach v. Hicks.

Broyles, C. J. 1. "Where the owner of an automobile delivers it to another person, toward whom he does not stand in the relationship of master to servant, for the purpose of repair, and surrenders the entire control of the automobile to that person, and neither reserves by the contract, nor assumes, the right to control the time, manner, or method in which the work is done, the person undertaking the labor being responsible to the owner only for results, the relation between the parties is not that of master and servant, but that of employer and independent contractor. *Atlanta & Florida R. Co.* v. *Kimberly*, 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231); *Fulton County Street R. Co.* v. *McConnell*, 87 *Ga.* 756 (13 S. E. 828); *Ridgeway* v. *Downing Co.*, 109 *Ga.* 591 (34 S. E. 1028); *Wooley* v. *Doby*, 19 *Ga. App.* 797 (92 S. E. 295); *Massee & Felton Lumber Co.* v. *Macon Cooperage Co.*, 44 *Ga. App.* 590 (162 S. E. 396). This is true even though the person undertaking such repairs may not be a mechanic by trade, and may not be generally engaged in the business of repairing automobiles, but may be a domestic servant of a third person, since the labor undertaken under the contract is independent of the employer, and is thus an 'independent business' within

240

the meaning of the Civil Code (1910), § 4414, so far as the parties are concerned. Where such mechanic, while testing the automobile during the process of the work undertaken thereon, negligently injures a third person,. the owner of the automobile is not liable in damages on account of such injury." *Yearwood* v. *Peabody*, 45 *Ga. App.* 451 (3) (164 S. E. 901). See *Ousley Co.* v. *Ledbetter*, 44 *Ga. App.* 375 (161 S. E. 634).

2. Under the foregoing ruling and the facts of the instant case, the verdict in favor of the defendant was amply authorized, if not demanded.

3. The grounds of the motion for a new trial, complaining of alleged errors of commission and omission in the charge of the court, do not show any cause for a reversal of the judgment refusing to grant a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED DECEMBER 11, 1934.

*J. C. Bowden, George & John L. Westmoreland,* for plaintiff.
*McDaniel, Neely & Marshall, Harry L. Greene,* for defendant.

