29218.   CARSTARPHEN *v.* IVEY.

DECIDED MARCH 17, 1942.

*Bussey & Fulcher,* for plaintiff in error.

*Isaac S. Peebles Jr.,* contra.

STEPHENS, P. J.   J. G. Ivey sued Thomas J. Carstarphen for damages.   The petition alleged that the defendant, through his agent or employee, delivered a truck to the plaintiff for the purpose of having the plaintiff repair the motor, and that the agent of the defendant remained in control of the truck while the motor was being repaired; that while the plaintiff was working on the motor the defendant's agent or employee was sitting in the truck; that when the plaintiff started to turn the motor with his hand he discovered that the truck was in gear; that plaintiff's assistant told the defendant's agent or employee to take the truck out of gear, but instead of doing so he put his foot on the starter, causing the motor to turn and causing the plaintiff's right little finger to be cut off by the generator belt.   The defendant filed the following demurrers, among others: "1.   Because said petition does not set forth any cause of action against this defendant.   2.   Because said petition does not set forth any cause of action against this defendant because the allegations thereof show that the truck of this defendant was delivered to the plaintiff for the purpose of having the same repaired, and for such purpose was in the control of the plaintiff and any one, including the person alleged to be the employee of this defendant, who assisted the plaintiff in the repairs thereof became for that purpose the agent and assistant of the plaintiff for whose negligence, if any, this defendant is not liable.   3.   Because said petition does not set forth any cause of action against this defendant because the allegations thereof show that the person alleged to have negligently stepped on the starter of said car thereby injuring the plaintiff, who is alleged to have been an employee of this defendant, was a fellow servant of the plaintiff for the reason that the plaintiff was likewise employed by the defendant, and this defendant is not liable to the plaintiff for the negligence, if any, of his fellow servant as related in the petition.   4.   Because said peti-

tion does not set forth any cause of action against this defendant because it affirmatively appears from the allegations thereof that the plaintiff's injuries arose solely and entirely from his own negligence in failing to exercise ordinary care and diligence. 5. Because it is apparent from the allegations of the plaintiff's petition that the plaintiff was in the complete control of the defendant's motor vehicle for the purpose of making repairs thereon, which was the immediate job at hand, and therefore the person in said motor vehicle alleged to be an employee of this defendant was not acting within the scope of his employment for this defendant in following directions given to him by the plaintiff, either in taking the said truck out of gear or in stepping on the starter thereof, particularly when it affirmatively appears from the plaintiff's petition that the plaintiff's own assistant and helper was present."

The plaintiff amended the petition by substituting a new paragraph for paragraph 2, the new paragraph alleging that the truck remained in the possession of the defendant's agent or employee while the motor was being checked by the plaintiff, *and* that plaintiff was not a servant of the defendant but was an independent contractor. The court overruled the demurrers, and the defendant excepted.

The employee of the defendant who started the motor and thereby caused the injury was not at the time acting as a servant or agent of the defendant, but was acting under the direction of the plaintiff and was his agent or servant to manipulate the truck under his direction so as to facilitate his work in making the repairs on the truck. If this agent of the plaintiff disobeyed the plaintiff's instructions, or negligently failed to follow his instruction, this agent's act was, as respects the plaintiff and the defendant, the act of the plaintiff. In Trautman *v.* Warfield & Rohr Co., 151 Md. App. 417 (135 Atl. 180), a truck of the defendant had been delivered to the plaintiff's garage to be repaired. When the defendant's driver called for the truck the plaintiff, who was a foreman at the garage, had undertaken to make a second test of the repairs, and caused the driver to operate the truck along the street while the plaintiff stood on the running board so that he could listen to the operation of the truck and thereby test the result of his repair work. The plaintiff was injured in the operation of the truck while the driver was performing the services indicated at the instance of the

plaintiff. In affirming a nonsuit the court stated: "Should a third party or the waiting driver of the truck's owner be requested by the foreman, and voluntarily assume, to drive the truck during the contemplated efficiency test, the third party or driver, while so engaged, would not be the servant of the owner of the truck, because the act done does not bear any natural, connected, and ordinary relation to the employment of a mere chauffeur, awaiting the completion of the work on a motor truck undergoing repairs at a garage. In the instant case, the action of the chauffeur in associating himself with the foreman in the second test was for the benefit of the repairman, and, being done without the knowledge or the express or implied authority of the owner of the truck, was outside of the scope of the chauffeur's employment, and so the chauffeur, either as a volunteer or as a servant, depending upon the extent of the authority committed to the foreman by the repairman, was temporarily working for the repairman. While so engaged the chauffeur had stepped outside the scope of his employment by the truck's owner, and so the relation of master and servant between the driver and the owner of the truck was suspended. The negligence of the chauffeur in driving the truck during the period of this suspension was not connected with the business of the truck owner, and he was not liable under these circumstances for the negligence of the chauffeur."

The petition as amended failed to set out a cause of action, and the court erred in overruling the demurrers.

*Judgment reversed. Sutton, J., concurs.*

FELTON, J., concurring specially. Construing the petition against the plaintiff on demurrer, as we are required to do, it shows that the full and complete possession of the truck was not surrendered to the plaintiff. If the plaintiff was not a bailee he was a servant of the owner of the truck and not an independent contractor. The Code, § 12-102, provides that in all cases the bailee has a right to the possession of the property during the bailment. If the plaintiff was a bailee he was an independent contractor. *Wooley* v. *Doby,* 19 *Ga. App.* 797 (92 S. E. 295); *Simril* v. *Davis,* 42 *Ga. App.* 277 (155 S. E. 790); *Ousley Co.* v. *Ledbetter,* 44 *Ga. App.* 375 (161 S. E. 634); *Yearwood* v. *Peabody,* 45 *Ga. App.* 452 (164 S. E. 901); *DeLoach* v. *Hicks,* 50 *Ga. App.* 239 (177 S. E. 822); *Whitehall Chevrolet Co.* v. *Anderson,* 53 *Ga. App.* 406 (186 S. E.

135); 55 A. L. R. 1271. It is not necessary to decide in what capacity the person acted who, as alleged, caused the injuries. If he was a volunteer, the defendant would not be liable for his negligence. If he was a servant of the owner of the truck the defendant would not be liable because, under the allegations of the petition as here construed, the plaintiff and the alleged wrongdoer were then both servants of the owner, and the defendant would not be liable to the plaintiff for an injury caused by the negligence of the plaintiff's fellow servant. Code, § 66-304; *Buchsbaum* v. *Sadler,* 40 *Ga. App.* 709 (151 S. E. 566); *Gartrell* v. *Russell,* 51 *Ga. App.* 519 (180 S. E. 860). If the alleged wrongdoer was the plaintiff's employee or servant the defendant would not be liable.