**Sylvester (Buddy) JOHNSON,**
**Appellant,**

**v.**

**Louis M. TADDONI and Philip John**
**Sambroski, Appellees.**

**No. 15124.**

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1954.

Robert S. Horne, Macon, Ga., for appellant.

John D. Comer, T. Reese Watkins, Macon, Ga., Harris, Russell, Weaver & Watkins, Macon, Ga., of counsel, for appellee.

---

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for damages for personal injuries received by plaintiff, an automobile mechanic, while he was engaged in a garage in working on a car belonging to the defendant Sambroski, which had been brought there for repairs.

■ The claim was that the proximate cause of the injuries was the negligence of Taddoni, as the agent and representative of Sambroski, in bumping the starter and causing the engine to start firing and the car to move backward while plaintiff had his hand on the fan belt to pull it around to the time mark, though plaintiff had directed Taddoni not to bump the starter.

The defense, in addition to a general denial was that Sambroski had had nothing at all to do with the accident and that at all times material to it Taddoni had acted not at the request of, or as agent for, Sambroski, but as the agent and at the request of the plaintiff. At the conclusion of the evidence, which consisted mainly of the testimony of Sambroski and the plaintiff,[1] the defendants moved for a directed verdict on the ground that the evidence showed no basis for liability against either defendant because the evidence did not show that Taddoni was negligent, and did show that the plaintiff was, and further, as to Sambroski, that the undisputed evidence showed that Taddoni was acting not for him and as his agent and servant but for plaintiff who, and not Sambroski, would have been accountable for the negligence, if any, imputed to Taddoni.[2]

The district judge of the view, as stated by him,

"In my view of this case, there hasn't been anything in my judgment, that could be termed negligence. So far as Mr. Sambroski is concerned, I don't think Mr. Taddoni was his agent or servant under the evidence in this case; and I

1. Sambroski testified that he, Taddoni, and another soldier were proceeding in Sambroski's car from New York to the Air Base in Bryan, Texas; that because the car was not working properly, he had taken it to Britt's garage for repairs and that Britt having enlisted the help of the plaintiff Johnson, Johnson had come to the garage and gone to work on the car to make the proper adjustments and repairs; that, in order to enable him to proceed with the work, Johnson had requested that someone get into the driver's seat and bump the starter from time to time under his direction; that Taddoni had gotten into the car; that for several minutes he had bumped the starter at the order of Johnson; and that at the time of the accident Johnson's hand had got caught in the fan belt. He denied that he had ordered or even requested Taddoni to get into the car.

Johnson testified substantially the same as Sambroski, except that he swore that when he asked someone to get into the car, Sambroski told Taddoni to do so, and while Sambroski swore that the car did not move at the time of the accident, Johnson swore that the engine started up and the car went in reverse some thirty or forty feet, drawing his hand into the fan belt and injuring it.

Johnson also testified much more specifically than Sambroski as to the number of times that he had directed Taddoni to bump the starter and that when he decided to work the fan with his hand, he directed Taddoni not to bump the starter, that is to "hold it". He further testified that he was looking down, his head under the hood, that he did not look up. He did not testify that he had received an acknowledgment, of his order to hold it, from Taddoni, nor explain what caused the car to start up and back as he testified it did. There was no testimony that the car was put in reverse, nor that the ignition switch was turned on.

2. Of course "the doctrine of imputed negligence has no application * * * to actions brought by the master against the servant to recover for injuries suffered by the former as a result of the latter's actionable negligence". Rollison v. Hicks, 233 N.C. 99, 63 S.E.2d 190, 195, and cases cited, and as between Taddoni as a defendant and Johnson as a plaintiff, the mere fact that Taddoni was Johnson's agent would not, of course, constitute a defense against Taddoni's negligence.

don't think there is anything here that could be reasonably said to be negligence on the part of either Mr. Sambroski or Mr. Taddoni. There could not be any recovery without negligence. If the jury returned a verdict, I would set it aside, so under that situation, I am going to instruct them",

directed a verdict for defendants.

Appealing from the judgment, plaintiff is here insisting: that, based upon this evidence, the jury could have found that Sambroski ordered Taddoni, as his agent, to get into the car and bump the starter for plaintiff; that this was sufficient to make him Sambroski's agent, and Sambroski responsible for his actions; and that the evidence of plaintiff as to the occurrence was sufficient to support a finding that Taddoni was negligent. So insisting, he urges upon us that the verdict was wrongly instructed as to both defendants, and the judgment should be reversed.

The appellees, citing in support many cases,[3] and particularly Carstarphen v. Ivey, 66 Ga.App. 865, 19 S.E.2d 341, whose facts are very close to those here, insist that the evidence in this case establishes as matter of law; that Taddoni was not in any sense or at any time the general agent of Sambroski; and further, that if he had been prior thereto, he was at the time of the accident under the immediate and exclusive control, and subject entirely to the directions, of the plaintiff in connection with the bumping of the starter and otherwise assisting him; and that while thus taking orders from the plaintiff he was the servant and agent of plaintiff and not of Sambroski; and, that, as between plaintiff and Sambroski, his negligence, if any, was in law the negligence not of Sambroski but of the plaintiff himself.

We find ourselves in agreement with appellees. As to Sambroski, a careful study of the record, in the light of the authorities cited by them and of others, convinces us that the record cannot be read, the law cannot be declared, in any other way than as thus contended for by the appellees and determined by the district judge, and that the judgment as to Sambroski must be affirmed.

■ As to Taddoni's personal liability, while the appellant does bear heavily down, as sufficient to take the case to the jury, on his testimony that at the time of the injury he had instructed Taddoni not to bump the starter, or as he put it, to "hold it", and the fact that this testimony was not contradicted, we are of the opinion that when the evidence of plaintiff is looked to as a whole, it fails to show sufficient facts or circumstances from which it could reasonably be concluded that Taddoni was negligent and that his negligence was the proximate cause of plaintiff's injuries.

On the contrary, the record is completely devoid of any evidence that anything that Taddoni did or failed to do caused the injury. All that is made to appear is that after Taddoni had bumped the starter some fifteen times without untoward results, plaintiff without informing Taddoni that he was putting his hand into the fan belt or that he was in anywise in danger and without looking up to assure himself that Taddoni had heard his instructions and was carrying them out, and relying entirely upon the direction he claims to have issued to "hold it", put himself in a position of danger, and by reason of this negligent reliance became and was the author of his own misfortune.

The record shows without dispute that Taddoni bumped the starter for something like ten or fifteen minutes as directed by Johnson, during which time the engine was not firing. Johnson contended that when Taddoni bumped it the

3. Bibb Mfg. Co. v. Souther, 52 Ga.App. 722, 184 S.E. 421; Delcher Bros. Storage Co. v. Reynolds & Manley Lbr. Co., 80 Ga.App. 288, 55 S.E.2d 864, and Adams v. Johnson, 88 Ga.App. 94, 76 S.E.2d 135.

last time after having been told to hold it, the engine kicked off and the car ran backward. He further contended that both the motion of the car and the firing of the engine caused his fingers to get caught between the fan belt and the generator pulley and that neither the firing of the motor nor the motion of the car alone would have produced the injury. It was the combination of both. When instructing Taddoni when to bump the starter, Johnson used verbal signals, telling Taddoni to bump it or hold it. When he gave these verbal signals, he had his head over close to the motor, leaning over to locate the timing mark. After he told Taddoni to hold it, he reached in to hold the fan belt tight so he could turn the fan blade and make it turn the motor. He was trying to turn the motor himself. In giving the verbal instructions he did not look up from the timing mark, and he was not looking at Taddoni when he said "hold it". Neither did Johnson tell Taddoni what he was about to do when he grabbed the fan belt. The evidence is that a car can sometimes kick off itself if it is warm when the switch is just turned on. Someone does not even have to touch the starter. Johnson did not say anything to anyone about the ignition switch and had not checked it.

In this state of the evidence, to send the cause to the jury as to Taddoni would, we think, have been to permit it to base a verdict against Taddoni, who was assisting plaintiff as his agent or helper and presumedly acting under his orders and directions if they were given clearly enough to be heard and understood, on surmise and suspicion and not on evidence, because certainly it could not be contended on this evidence that Taddoni deliberately disobeyed the signals, and the only reasonable conclusion is that if plaintiff gave the signal as he said he did, he did not give it so that Taddoni could hear it.

The judgment is, therefore, affirmed.