39677.   SOUTHERN AIRWAYS COMPANY v. SEARS, ROEBUCK & COMPANY.

DECIDED SEPTEMBER 24, 1962.

*Nall, Miller, Cadenhead & Dennis, James W. Dorsey,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Sam F. Lowe, Jr.,* contra.

BELL, Judge. ■ Southern Airways urges that its employee,

Bradley, at the time he sat at the controls of the airplane was not acting as its servant or agent. It is contended that the petition, as amended, on its face merely shows a permissive lending of Bradley's services as a line serviceman to assist the pilots in a specific and limited manner, the assistance to be performed under the pilots' control and direction.

The defendant asserts that the only conduct alleged on the part of Bradley which could have been construed to be negligence was that language which stated that when the engine started, Bradley failed to hold the brakes in the "on" position so that the airplane was free to roll and that he failed to close the throttle so that the engine operated at full throttle and at full speed after it started; but that even these alleged actions were held to be not sufficient to charge Southern Airways with liability as shown by the trial court's sustaining of the motion to dismiss as to it.

The defendant contends that the general allegation, added by amendment, to the effect that Bradley undertook to manipulate the controls is at variance with the specific allegation that the pilot, Estabrook, not Bradley, had set the controls, citing *Atlanta Coca-Cola Bottling Co. v. Brown,* 46 Ga. App. 451 (167 SE 776) ; and *Plumer v. Southern Bell Tel. &c. Co.,* 58 Ga. App. 622 (199 SE 353), as authorities for the rule that the general allegations must yield to the more specific allegations set forth in the petition.

While the principle is a correct rule of law, it is not applicable here. In both *Brown* and *Plumer,* while there were general allegations that the employee was acting in the scope of his employment, the specific allegations show criminal actions committed by the respective employees, each of whom during the performance of the act stepped aside from his employment.

Here the petition, as amended, clearly alleges acts of negligence on the part of the defendant's employee in the course of his employment. The allegation that Bradley attempted to manipulate the controls does not conflict with the paragraph of the petition charging that Estabrook set the controls. Under the facts alleged, Bradley was inside the airplane while Estabrook was turning the propeller, and though Estabrook had set the controls originally, Bradley was in position inside the airplane

618

to manipulate the controls and, in reality, at the time was the only one of the two in a position to do so.

As against the general demurrer, the petition, as amended, stated a cause of action. The trial judge properly overruled the general demurrer.

■ In urging the general grounds of its motion for new trial, Southern Airways Company contends that there was no negligent act or omission on the part of the defendant proven by the evidence.

Bradley, Southern Airways' employee, is the only witness whose testimony was specified as material upon this appeal. An extract of a portion of his testimony is in the record before the court. He identified himself as a line serviceman and testified that his duties were to undertake to service airplanes brought in for gas, oil and similar attention; that he put oil and gas in the airplanes; cleaned them out; wiped the windows off and also assisted people in getting the airplanes ready to leave; that he was authorized to sit in the airplanes and to hold the brakes while someone else attended to the starting of the airplane; but he was not a licensed aircraft mechanic or pilot, and he was not authorized to hold the controls; that the Piper PA-18 was tied down when Estabrook came up, but that he himself (Bradley) untied it; that it had wheel brakes or chocks under it; that Estabrook removed the chocks; that when Estabrook found the battery was dead, he asked Bradley to prop the airplane, but Bradley told him he wasn't allowed to, but he ". . . could hold the brakes"; that when Bradley got inside the airplane, Estabrook showed him the brakes and "mag switch"; that Estabrook did not request that Bradley handle or manipulate any part of the mechanisms or controls other than the brake and the magneto switch; that Estabrook showed Bradley these two particular things and told him to cut the magneto switch on at his command; that Estabrook told Bradley how to apply his foot to the brakes, but Bradley confused the brakes with the "Beachcraft brakes on a Bonanza and wasn't clear in my mind"; that when Bradley was seated in the airplane, he cut the switch on, sat back and made sure his feet were on the brakes; that Estabrook then started "to prop the aircraft"; that it did not start; that Estabrook then gave the command to cut the switches off;

Bradley cut the "mag switch" off; Estabrook came around to the aircraft, stuck his head on the inside and adjusted the throttle; that Estabrook did not give any instructions in regard to the throttle at the time; Estabrook returned to the front of the airplane, "hollered switches off" and "propped it"; that up to that time Bradley was not manipulating any controls other than the brakes at the time it fired up; that when the airplane fired up, Bradley's head and the upper part of his body were shoved back in the seat from the force of the aircraft shooting out the way it did, though his feet did not come off the brake pedals; he applied more pressure, but the aircraft kept going forward out of control, and he knew of no other way to stop or control it, and Estabrook had not given him any instructions as to what he could or should do.

On cross-examination, Bradley admitted that he knew with the switch on the airplane would run and with it off it would not; that he knew with the throttle in some position the engine would be open and running and that with the throttle in some other position the engine would be closed and not running; and that he did not do anything with respect to either the throttle or the magneto switch; and that he did not do anything with respect to the parking brakes on the airplane when it was moving forward.

With regard to the issue as to whether Bradley was in the scope of his employment, the defendant cites *Carstarphen v. Ivey*, 66 Ga. App. 865 (19 SE2d 341); and Johnson v. Taddoni, 217 F2d 91, as authorities for the proposition that where the employee was acting under the direction of another in starting the motor, he was for that purpose the employee of the one giving instructions and not the employee of his usual employer.

While the soundness of the *Ivey* case is somewhat doubtful, in any event it is distinguishable from the present action on its facts. In the present case a part of Bradley's employment was to assist pilots in starting planes brought in for service, as this aircraft was, and *a part of his duties* consisted of sitting in the airplanes and holding the brakes engaged.

Under the allegations of the petition and the evidence, there is evidence sufficient to authorize the verdict which necessarily included a finding that Bradley was acting negligently within the

scope of his employment, was negligent in getting into the plane knowing he had to hold the brakes in the "on" position, while admittedly not knowing exactly how the brakes worked, nor did he seek further instructions as to how they worked prior to embarking upon his authorized duty of assisting the pilot in starting the airplane by applying the brakes. Furthermore, although he testified that he was not authorized to manipulate the controls of the airplanes he was assisting in starting, where, under the present facts, the airplane shot forth out of control and he was charged with holding it stationary, the trier of the facts properly found that his actions were within the scope of his employment. Under this emergency, Bradley, who testified he knew the effect of the switch and the throttle, should have cut off the switch or the throttle so as to stop the runaway airplane before it could cause injury or damage.

Where the employee is acting within the class of service he has authority to perform, the master is bound even though the servant is forbidden to perform the particular act. *Evans v. Caldwell*, 52 Ga. App. 475, 477 (184 SE 440); affirmed 184 Ga. 203 (190 SE 582); *Porter v. Jack's Cookie Company, Inc.*, 106 Ga. App. 497 (127 SE2d 313). Thus even though the employee may have violated his instructions or exceeded in some respects the boundaries of his authorized acts, the master is still bound where the disobedience is not such as to take him out of the scope of his employment. Here, as determined by the trial court, there was not a departure from the performance of his authorized duties.

Furthermore, an applicable ordinance of the City of Atlanta forbade aircraft engines to be started or run unless a qualified pilot or a competent mechanic was in the craft attending the controls. The defendant's employee, by his own admission, was neither a licensed pilot nor a competent mechanic. If he had been competent as required by the city ordinance, he should have known how to operate the throttle, the switch, and the brakes of the airplane so as to have stopped its runaway. The violation of this ordinance, under the factual situation involved in the present action, could properly have been found to be such negligence as proximately caused the damage to the plaintiff.

The trial court properly overruled the defendant's motion for a new trial.

*Judgment affirmed.* *Felton, C. J., and Hall, J., concur.*