### 42885. PRESSLEY v. WILSON et al.

FELTON, Chief Judge. 1. "Where the owner of an automobile delivers it to a mechanic for the purpose of repair, and surrenders the entire control of it to him, the mechanic is not the servant of the owner, but an independent contractor. Where the mechanic, under such circumstances, negligently and in violation of a municipal ordinance, injures another while testing the car, the owner is not liable in an action for damages for the injury; and the fact that the owner's driver was, on the invitation of the repairer, riding in the

car at the time of the injury does not alter the rule." *Wooley v. Doby,* 19 Ga. App. 797 (1) (92 SE 295) and cit.; *Ousley Co. v. Ledbetter,* 44 Ga. App. 375 (161 SE 634); *Yearwood v. Peabody,* 45 Ga. App. 451 (164 SE 901); *DeLoach v. Hicks,* 50 Ga. App. 239 (177 SE 822); 35 ALR2d 804, 805, 807, §§ 3, 4.

2. The principle, that "one who turns over to another *for his own use* an automobile which he knows to be defective, *and which the driver does not know to be defective,* is liable to the latter for injuries proximately caused by the defective instrumentality" (emphasis supplied) (*Burks v. Green,* 85 Ga. App. 327, 329 (69 SE2d 686) and cit.), does not apply in the situation hereinabove described, since the automobile is not furnished for the mechanic's own use, but its control is placed in him by the owner for the express purpose of repairing the defect and he has implied, if not actual, knowledge of the potential danger in the operation of the automobile in its defective condition which is equal to, or greater than, the knowledge of a nonmechanically trained owner. *Code* § 105-502 (2) holds the employer liable "only when the work to be done is inherently dangerous 'however carefully done' " (*Robbins Home Improvement Co. v. Guthrie,* 213 Ga. 138, 140 (97 SE2d 153)), not merely because of the absence of proper care. *Community Gas Co. v. Williams,* 87 Ga. App. 68, 78 (73 SE2d 119).

3. Municipal ordinances regulating the operation and maintenance of taxicabs imposed non-delegable duties upon the defendant taxicab owner-operator toward other motorists only while the vehicle was being operated as a taxicab; therefore, the operation of the taxicab on the public streets by the mechanic for the purpose of testing it in connection with maintenance required by the ordinance was not a violation of any duty of the owner-operator arising from the ordinances, such as would subject him to liability for injuries caused by the wrongful act of the mechanic, under the provisions of *Code* § 105-502 (4).

4. Although there were some conflicts in the evidence, such as the time of the collision and whose idea the road test was, it nevertheless disclosed that the owner had delivered his car to the mechanic for the purpose of repairing a slipping transmission; that the actual repair work was to be done by the mechanic at his garage, unsupervised by the owner; that,

during the road test, the mechanic was driving and the owner was merely listening to the transmission changes; that, at the time of the road test, work on the transmission either had not commenced, or, if so, had not been satisfactorily completed; that, immediately prior to the collision, the mechanic was driving in heavy traffic at 20 to 25 m.p.h., still in second gear, one car length behind a truck, and appeared to look away from the road ahead; that the truck had been stopped for 8 to 10 seconds prior to the taxicab's collision with it. The court did not err in directing a verdict for the defendant owner based upon the above evidence.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*

ARGUED JUNE 6, 1967—DECIDED JUNE 29, 1967—

REHEARING DENIED JULY 20, 1967.

*Grant, Spears & Duckworth, William H. Duckworth, Jr.,* for appellant.

*Greer & Murray, Robert P. Wilson,* for appellees.

ON MOTION FOR REHEARING.

The plaintiff's petition sought to hold the defendant liable on two theories which were argued in his brief. One was that the defendant was liable because he knowingly turned the vehicle over to one whom the defendant knew to be an incompetent driver. Appellant concedes that there was no evidence to support that allegation. The second theory was that the facts brought the case under an exception to the independent contractor rule for one reason only and that was that the alleged wrongful act was a violation of a duty imposed by statute. It was not alleged or proved that the operation of the vehicle was dangerous no matter how carefully performed. The contention that the owner is liable, or could be found liable, merely because he knew of the *defective condition* of the vehicle is untenable. He knew of the defective condition and turned it over to an expert to have it repaired. There is no allegation or proof that the owner knew of the danger of testing the vehicle by an expert on a city street and there was no allegation or proof that such testing under the circumstances was dangerous no matter how carefully performed. See *Chapman v. Phillips,*

112 Ga. App. 434 (4, 5) (145 SE2d 663).  That exception to the independent contractor rule was excluded by the plaintiff by his confining that theory to the one stated in the petition and treated in the 2nd division of the opinion.

*Rehearing denied.*