43362. ALLSTATE INSURANCE COMPANY v. McBRIDE, Guardian, et al.

ARGUED JANUARY 11, 1968—DECIDED APRIL 3, 1968.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin, George W. Hart,* for appellant..

*Mundy & Gammage, E. Lamar Gammage, Jr., Henry A. Stewart, Sr.,* for appellees.

FELTON, Chief Judge. The court erred in denying Allstate's motion for a summary judgment. The terms of the policy exclude from coverage of any kind "an owned automobile while used in an automobile business." What is more, the policy does not leave to conjecture what is meant by "automobile business." In this case it can not be denied that the vehicle of Mrs. Russell was being serviced at the time of the collision. Checking the results of the car's operation after the installation of a timing chain is certainly an integral part of the servicing done. If the installation was not satisfactory to Mr. Miller he would have had to correct it. His contract would not have been completed until he satisfied himself that his work was satisfactory. Miller was an independent contractor and not an agent of Mrs. Russell. *Pressly v. Wilson,* 116 Ga. App. 206 (156 SE2d 399). This court, by a two-judge decision, in *Public Indem. Co. of Newark v. Yearwood,* 50 Ga. App. 646 (179 SE 232) held that a much narrower provision precluded recovery. Even if that case could be said to be wrong for reasons given in the dissent filed by Judge Jenkins, it would not be a precedent for an affirmance of the judgment in this case because of the plain and unambiguous exclusion clause in the instant case. Karner v. Maynor (Okla.) 415 P.2d 998, followed *Yearwood,* supra, and cited cases from thirteen other jurisdictions. "The reason for refusing to extend insurance coverage to such persons and organizations is obvious. When the named insured places his automobile in custody of any person or organization operating an automobile sales agency, repair shop, service station, storage garage or public parking place, the insured has no knowledge as to who will be entrusted with the operation of his automobile while it is in the control of such person or organization. Since the risks involved in the operation of an automobile by the agents or employees of such businesses is great, the insurance company refuses to extend coverage to such persons or organizations." Dixie Automobile Ins. Corp. v. Mason (Fla. App.) 155 S2d 172. Accord

Nationwide Mutual Ins. Co. v. McAbee, 268 N. C. 326 (150 SE2d 496). The cases cited by appellee, United States Fidelity & Guaranty Co., defining the words "used in an automobile business" are not relevant in this case because these words are already defined in the Allstate policy here involved. Even if we agreed with the conclusion reached in Pirkle v. American Liberty Ins. Co., U. S. District Court, Northern District of Georgia, Atlanta Division, #9148, filed December 14, 1965, 12 C.C.H., 1966, Automobile Cases, 5235, the facts in that case distinguish it from this one. The court there took the view that where an owner of an automobile took it to an automobile dealer for the purpose of trading it in on a new automobile and a salesman drove it off the premises for the purpose of having it appraised, such a mission was not in the automobile business. The main business of an automobile dealer is selling automobiles and if driving one to have it appraised for the purpose of determining how much to allow for it in a trade for a new automobile is not done in the automobile business, who can divine what the nature of the operation is?

The court erred in denying Allstate's motion for a summary judgment.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*