44459.   HOTEL STORAGE, INC. v. FESLER et al.
44472.   BEVERAGE SALES COMPANY, INC. v.
FESLER et al.

ARGUED MAY 5, 1969—DECIDED OCTOBER 24, 1969—
REHEARING DENIED NOVEMBER 20, 1969—

*Brannen, Clark & Hester, Perry Brannen,* for Hotel Storage.
*Falligant, Doremus, Karsman & Maurice, Robert E. Falligant, Jr., Stanley Karsman,* for Beverage Sales.

*Pierce, Ranitz, Lee, Berry & Mahoney, Thomas J. Mahoney, Jr.,* for Fesler.

QUILLIAN, Judge. 1. The appellant, Beverage Sales, contends that the evidence shows that the relation which existed between Leaf, its employee, and Watts was a bailment. On the other hand the plaintiff, appellee here, argues that Watts was a servant of Leaf since Leaf tipped Watts, had the right to retake his car at any time and could have discharged Watts

"from the assignment of taking care of the car any time he pleased."

The question for determination is whether Leaf and Watts occupied the status of master and servant because as a general rule an owner of an automobile is not liable for the negligence of the operator merely because he consented to its operation by such person. The relationship of master and servant must exist between the owner and the operator of the car in order to render the owner liable, under the doctrine of respondeat superior, for the negligent conduct of the operator. *Graham v. Cleveland,* 58 Ga. App. 810, 811 (200 SE 184). "An employer is not liable for acts of his independent contractor unless the facts and circumstances bring the case under the exceptions to such rule, plainly and unmistakably stated in *Code* §§ 105-501, 105-502." *Robbins Home Improvement Co. v. Guthrie,* 213 Ga. 138, 139 (97 SE2d 153). See *Dekle v. Southern Bell Tel. &c. Co.,* 208 Ga. 254 (66 SE2d 218). There are no facts of this nature. The only other theory under which an owner might be liable is that of negligent entrustment. *NuGrape Bottling Co. v. Knott,* 47 Ga. App. 539 (171 SE 151); *Saunders v. Vikers,* 116 Ga. App. 733 (158 SE2d 324). Facts sustaining this theory are likewise non-existent in this case.

In determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract. *Hall v. Cassell,* 79 Ga. App. 7 (52 SE2d 639); *Gulf Life Ins. Co. v. McDaniel,* 75 Ga. App. 549 (43 SE2d 784). While several facts have been cited as indicative of the relationship created, the key factor is the power to control and direct. Here the proof adduced shows clearly and unequivocally that Leaf did not control the manner and method of executing the work but only required of Watts certain definite results, to wit: that the car be returned to him when he was ready to leave. This, in essence, is the same relation that results from any parking ar-

rangement with a garage, place of storage or parking lot and, absent special circumstances not appearing here, does not create the relation of master and servant so that the doctrine of respondeat superior applies.

Hence the trial judge erred in denying Beverage Sales' motion for summary judgment.

2. The defendant, Hotel Storage, urges that Watts acted outside the scope of his employment and that at most he was its general servant loaned to Manger who was consequently liable for his acts.

It is true as a basic proposition that when one lends his servant to another for a particular employment, the servant will be dealt with as a servant of the man to whom he is lent although he remains the general servant of the person who lent him. *Travelers Ins. Co. v. Clark,* 58 Ga. App. 115, 122 (197 SE 650); *Blakely v. U. S. Fidelity &c. Co.,* 67 Ga. App. 795, 797 (21 SE2d 339). *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432), pronounces the test to be applied in ascertaining if one is a loaned servant: "(1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place or to put him to other work." The case further points out that "control is the determinative factor."

This point is further elucidated in Blashfield's Treatise on Automobile Law and Practice, Vol. 6, § 253.113 at p. 302. "Notwithstanding in doing an alleged negligent act one ordinarily cannot be the servant of both a general master and a temporary master, it may be found that there was a dual agency and that the employee in question was the servant of both the general and the special employer because the purpose and business of each was being furthered and each had some control over the activity which occasioned the injury. . . It is not necessary that full control of the servant be retained by the general employer in order to impose liability on him, and, where an employee is furthering the business of his general employer by services rendered to another, there is no inference of

a surrender of control by the general employer by the mere fact of its division."

The Georgia courts have recognized the principle that one may be the servant of joint masters and subject to the demands of both or either. *Hotel Equipment Co. v. Liddell*, 32 Ga. App. 590 (2), 600 (124 SE 92); *Allen v. Landers*, 39 Ga. App. 264, 265 (146 SE 794). In the *Hotel Equipment* case, the court cited with approval various foreign authorities and reiterated that where the dual or joint master-servant relation exists the fact that the servant was performing a particular service for one of his masters at the time he inflicted an injury would not relieve the other master from liability for his acts.

On motion for summary judgment the burden is on the movant even as to matters which would be upon the opposite party on the trial. *Sanfrantello v. Sears, Roebuck & Co.*, 118 Ga. App. 205, 206 (163 SE2d 256). Hotel Storage failed to establish as a matter of law that it was not a dual master of Watts who, along with the Manger Hotel, received concomitant benefits from Watts' services; that Hotel Storage's purpose and business was not furthered by Watts' act, and that Hotel Storage had no control over the activities which occasioned the injury. This being true, the issues were properly left for determination by a jury.

Moreover, under the evidence Watts was authorized to accept vehicles but according to an affidavit by an officer of Hotel Storage, he was not authorized to accept vehicles for any purpose except storage for a guest who had registered and had a room assigned to him. "Where the employee is acting within the class of service he has authority to perform, the master is bound even though the servant is forbidden to perform the particular act. . . Thus even though the employee may have violated his instructions or exceeded in some respects the boundaries of his authorized acts, the master is still bound where the disobedience is not such as to take him out of the scope of his employment." *Southern Airways v. Sears, Roebuck & Co.*, 106 Ga. App. 615, 620 (127 SE2d 708). Whether there was such a departure from his authorized duties also would be for the jury.

The trial judge did not err in denying Hotel Storage's motion for summary judgment.

*Judgment reversed in Case 44472; affirmed in 'Case 44459. Pannell and Evans, JJ., concur.*