### 44931.   NORTHWESTERN NATIONAL CASUALTY COMPANY v. SAFECO INSURANCE COMPANY OF AMERICA et al.

JORDAN, Presiding Judge.   Northwestern National Casualty Company commenced this declaratory judgment action against Safeco Insurance Company of America, Park Chrysler-Plymouth, Inc., Thomas Pierce, Betty Jo Scarbary, and Jack McKay, to determine, among other things, whether an automobile liability insurance policy issued by Safeco covered Pierce at the time Pierce, while operating McKay's automobile, collided with an automobile operated by Scarbary.

The basic undisputed facts are as follows: Northwestern is the liability insurer for Park Chrysler-Plymouth.   McKay took his automobile to Park Chrysler-Plymouth for repairs.   Pierce, an employee of Park Chrysler-Plymouth, acting on direction of a representative of the corporation, accompanied McKay in the automobile to McKay's place of work, where McKay relinquished control of the automobile to Pierce to return it to Park Chrysler-Plymouth for repairs and a State safety inspection.   The collision occurred on this return trip, and Scarbary has a tort action pending in another court against Pierce and Park Chrysler-Plymouth.

The liability section of Safeco's policy issued to McKay includes the following provisions: "Persons Insured: The following are insureds under the Liability Section: (a) With respect to the owned automobile . . . (2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his

other actual use thereof if within the scope of such permission . . . Definitions: Under the Liability Section: . . . 'automobile business' means the business or occupation of selling, repairing, servicing, storing or parking automobiles; . . . Exclusions: This policy does not apply under the Liability Section: . . . (g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership."

On motions of Northwestern and Safeco for summary judgment the trial court granted summary judgment for Safeco, and dismissed Northwestern's petition. Northwestern appeals. *Held:*

It is elemental that the cardinal rule of construction in contracts, including insurance contracts, is that which will carry out the true intention of the parties, and that all other rules are subservient thereto. This principle was applied in *Public Indem. Co. of Newark v. Yearwood,* 50 Ga. App. 646 (179 SE 232), to recognize that extended liability coverage for permissive use, limited by an exclusion with respect to "any public garage" or "automobile repair shop" was intended to preclude coverage of an independent contractor in possession of the automobile, while operating the automobile in connection with repair work thereon. In *Allstate Ins. Co. v. McBride,* 117 Ga. App. 592 (161 SE2d 415), this court referred to policy provisions almost identical to those here involved as "plain and unambiguous" and, relying on *Yearwood,* supra, held the exclusion clause applicable to preclude coverage of an independent contractor while engaged in road-testing the vehicle to check the success of repairs he had made thereon.

In the present case, by substituting the definition of automobile business for the term as it appears in the exclusion clause, the clause, as applicable, reads as follows: *This policy does not apply under the liability section to an owned automobile while used by any person while such person is employed or otherwise engaged in the business or occupation of selling, repairing, serving, storing, or parking automobiles."* _(Em-

phasis supplied). The gist of the exclusion is thus *use by another while employed or otherwise engaged in the automobile business.* McKay, the owner, had relinquished possession and control of the vehicle to Pierce, who, as Park Chrysler-Plymouth's servant at the time was acting within the scope of his employment and obviously met the test of a person employed in the business or occupation of selling, repairing, servicing, storing, or parking automobiles, irrespective of the fact that he operated the automobile for the sole purpose of transporting it to Park Chrysler-Plymouth, as distinguished from actually working on or testing the vehicle. The lower court properly sustained Safeco's motion for summary judgment.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JANUARY 8, 1970—DECIDED JANUARY 20, 1970—
REHEARING DENIED FEBRUARY 5 and FEBRUARY 18, 1970—

*William H. Whaley, Glenville Haldi, C. Glenn Stanford,* for appellant.

*Martin, Snow, Grant & Napier, Hendley V. Napier, John E. James,* for appellees.

ON MOTION FOR REHEARING.

Appellant contends in a second motion for rehearing that the result reached here is in direct conflict with the case of *Hotel Storage, Inc. v. Fesler,* 120 Ga. App. 672 (172 SE2d 174). We fail to see any such conflict as contended. The holding in this case turns on the determination from the facts that the car involved was "in use by another while employed or otherwise engaged in the automobile business," thereby excluding it from coverage under the policy. Even if it be conceded that the employee was at all times a dual servant of both McKay and Park Chrysler-Plymouth, the exclusion in the policy would still be applicable.

*Motion denied.*