51353. CARTER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

PANNELL, Presiding Judge.

Valerie Carter (a plaintiff in a negligence action against Leroy Berk, the driver of an automobile belonging to Cornelius Hines) appeals from the grant of summary judgments in favor of Governmental Employees Insurance Company, Berk's insurer, and State Farm Mutual Automobile Insurance Company, Hines' insurer, in a declaratory judgment action brought by Government Employees and in which action State Farm was made a party defendant.

The applicable provisions of the Government Employees' policy defined a non-owned automobile as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative." It

further provided that *"the following are insureds under Part I: . . . (b) With respect to non-owned automobile, (1) the named insured,* (2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission or reasonably believed to be with the permission, of the owner and is within the scope of such permission. . ." This policy further provides: *"This policy does not apply* under Part I . . . (h) *to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in* (1) *the automobile business of the insured or of any other person or organization . . ."* Automobile business was defined as "the business or occupation of selling, repairing, servicing, storing or parking automobiles." (Emphasis supplied.)

The State Farm policy provided under "definition of insured" the following: "(a) *With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes* the named insured if the named insured is an individual, his spouse if a resident of the same household, and also includes *any person while using the automobile* and any person or organization legally responsible for the use thereof, *provided the actual use of the automobile is by the named insured* or such spouse *or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:* (1) *to any person or organization, or to any agent or employee thereof, operating an automobile,* sales agency, *repair shop, service station,* storage garage or public parking place, *with respect to any accident arising out of the operation thereof, . . ."* (Emphasis supplied.)

1. There is a dispute as to whether the permission given by Hines to Berk to drive the automobile was general or limited under the testimony of Berk. Hines denied giving any permission of any sort. Berk's testimony in one deposition could be construed to mean that Hines gave permission to drive the automobile for certain purposes only, which purposes did not include driving to deliver the automobile to Hines after repairing it; or construing this testimony most strongly in favor of

the respondents, together with Berk's first deposition to the effect he was given the right to drive as he pleased, Berk's testimony could be construed to show a general permission to drive the automobile was given by Hines.

If we should be privileged, upon appeal from a decision on motion for summary judgment, to weigh Berk's testimony or construe it most strongly against him, we might conclude the permission to drive was limited; however, on motion for summary judgment neither the lower court nor this court is privileged to weigh the evidence nor resolve seeming contradictions, nor construe the evidence in favor of the movant. That is a jury's prerogative and their's only. See in this connection *Brown v. Sheffield,* 121 Ga. App. 383, 389 (173 SE2d 891); *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205 (163 SE2d 256); *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65, 66 (183 SE2d 78). "That this conflict may have been occasioned by conflicting testimony of the same witnesses, whether parties or not, does not alter the result." *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122). We conclude, therefore, the evidence does not demand a finding the automobile was driven on the occasion in question without the permission of Hines.

2. The next question is whether the evidence demands a finding the automobile at the time was being operated by Berk as an automobile repairman or service station operator so as to exclude coverage as to Berk under either one or both of the policies; or whether he was operating it for personal purposes disconnected with his business which would not necessarily exclude coverage under the exclusions claimed in this regard. If he was using the automobile and using and operating it as an automobile repairman or service station operator, both policies would exclude coverage as to Berk even if permission was given to drive the automobile on the occasion in question.

The evidence was without dispute that Berk was operating a service station and auto repair business, that Hines had left his automobile with Berk to be repaired and that Berk had not heard from Hines, a soldier at Fort Benning, for about two weeks after repairing the automobile, and had been unable to contact him by phone.

Berk then left his place of business driving the automobile for the primary purpose of going to Fort Benning, finding Hines, delivering the automobile, and getting his money for repairing it. And he also intended on this trip, the ultimate intended destination of which was to Hines at Fort Benning, to go to a restaurant owned by Berk's brother, although it was not on the "route to Fort Benning," eat a meal and while there to inquire of soldiers, who frequented the place, as to the location at Fort Benning of Hines' military unit. The evidence indicates the collision between the automobile driven by Berk and that driven by Valerie Carter was after his stop at the restaurant, but this is by no means clear. It is our opinion, however, that this is immaterial to a decision of the question presented. We think it clear from the decisions of this court that the entire trip was in his capacity as the operator of the service station or repair shop, and that he incidentally ate a meal while deviating from a direct route to Fort Benning, would not change the purpose for which the automobile was being used and operated going and coming from even the deviation location, and that the evidence demanded a finding that the use and operation on the occasion in question was within the exclusionary provisions of the policies here. See in this connection *Haley v. State Farm Mut. Auto. Ins. Co.,* 130 Ga. App. 258 (202 SE2d 838); *U. S. F. & G. Co. v. Boyette,* 129 Ga. App. 843 (201 SE2d 660); *Northwestern &c. Cas. Co. v. Safeco Ins. Co.,* 121 Ga. App. 209 (173 SE2d 407).

We accordingly hold the trial judge did not err in granting summary judgment in favor of the two insurance companies as to coverage of Berk under the respective policies, he being the sole defendant in the action by Valerie Carter.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED JANUARY 6, 1976.

*Edward W. Szczepanski, Billy E. Moore,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Howell*

*Hollis, Kelly, Champion, Denney & Pease, Johnny Denney, Mike Garner,* for appellees.