A89A1396. SANDERLIN v. ALLSTATE INSURANCE COMPANY.
(386 SE2d 707)

DEEN, Presiding Judge.

Betty Sanderlin planned to travel to Kernersville, N. C., on February 22, 1987, and agreed to take several men with her in her van. They were going to Kernersville to pick up some tractors and to drive them to Port City Truck Sales in Savannah for resale. Each of the designated drivers was paid for his services by Port City Truck Sales. When she became ill and was unable to make the trip, she lent her van to James Tant so he could drive the men to Kernersville. En route to Kernersville, the vehicle collided with a tractor trailer while Tant was driving. Suit was brought against him by one of his passengers. Tant demanded that Sanderlin's insurance carrier, Allstate, defend him. It filed a petition for declaratory judgment, joining Sanderlin as a defendant. The trial court granted the insurance company's motion for summary judgment, holding that because the van was being used in an automobile business operation it came within the automobile business exclusion contained in the policy. *Held*:

Appellant contends that under the facts the use of the van was not an integral part of the automobile business of Port City Sales and relies upon *Phoenix Ins. Co. v. Morters*, 179 Ga. App. 40 (345 SE2d 128) (1986).

Allstate argues against coverage of the vehicle under two policy exclusions:

This coverage does not apply for liability for . . . (2) Auto business operation such as repairing, servicing . . . or selling of autos. However, coverage does apply to your resident relatives, your partners, or the partnership in business, or employees of the partnership or of the resident relative when using your insured auto . . . (5) Anyone other than you, for claims made by a co-worker in the course of employment. An

"auto" is defined as "a land motor vehicle designated for use principally upon public roads."

In *Phoenix Ins. Co. v. Morters*, supra, the court recognized two main types of "automobile business" exclusions. The first, or older type, focused on the type of use to which the vehicle was being put at the time of the collision and excludes vehicles from coverage which are being used in the automobile business. The second, or newer type, focuses on the person who is in charge of the vehicle at the time of the collision.

The exclusion in the instant case, as in *Phoenix Ins. Co. v. Morters*, supra, focuses upon the use of the automobile at the time of the collision, but waives the exclusion when certain specified persons are driving. The vehicle in question was being used to transport drivers for Port City Truck Sales to a place where they would pick up tractors and drive them to Savannah for resale. Two of the individuals involved had been paid in the past by Port City Truck Sales to perform this service and the designated drivers were being paid for making this trip. Appellant's argument that the use of the vehicle for such a purpose was an isolated incident and does not prevent coverage despite the language used in the exclusionary clause is without merit. The unambiguous language of the exclusionary clause indicates that any such use of the vehicle except by certain specified individuals is excluded from coverage. See also *Allstate Ins. Co. v. McBride*, 117 Ga. App. 592 (161 SE2d 415) (1968), wherein it was held that the use of the vehicle was merely ancillary to the automobile business. In the instant case the use was an integral part of the business because the purpose of the use was to obtain vehicles for resale.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 18, 1989.

*W. Lamar Fields*, for appellant.
*Kent & Barrow, R. Stephen Sims*, for appellee.